# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **AMZIL KHADIJA and IMANE** | : | |
| **ABOULHOUDA,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:12-CV-02519-WSD-AJB** |
| **v.** | : | |
| | : | |
| **FANNIE MAE AKA FEDERAL** | : | |
| **MORTGAGE ASSOCIATION and** | : | |
| **CHASE HOME FINANCIAL, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

This matter is before the Court on the motion to dismiss filed by Defendants

Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank,

N.A., as successor by merger to Chase Home Finance, LLC[1] ("JPMorgan").  [Doc. 2.]

For the reasons below, the undersigned **RECOMMENDS** that the motion, [Doc. 2],

be **GRANTED WITH PREJUDICE**.

---

[1]      Defendant JPMorgan states that Chase Home Finance, LLC is incorrectly identified by Plaintiff as "Chase Home Financial, LLC."  [Doc. 2-1 at 1.]

## I.    Background[2]

This case involves claims related to the foreclosure of residential property located at 6853 South Expressway, Jonesboro, Georgia 30236. [Doc. 2-1 at 2.][3]  On November 10, 2008, Plaintiff Imane Aboulhouda ("Aboulhouda") obtained interest in the property from Virod M. Kumsaithong (the "Borrower") pursuant to a quitclaim deed. [Doc. 1-1 at 18.][4]  Thereafter, on December 8, 2010, Aboulhouda transferred her

---

[2]    As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiffs' complaint, [Doc. 1-1], and construes those facts in the light most favorable to Plaintiffs.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept Plaintiffs' legal conclusions.  *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3]    The undersigned notes that although the complaint and certain attached documents refer to the address as "6853 Tara Boulevard, Jonesboro, Georgia 30236" [*e.g.*, Doc 1-1 ¶ 6], the Security Deed that is attached to the motion to dismiss, [Doc. 2-2], (and the first page of which is attached to the complaint, [Doc. 1-1 at 23]) refers to "6853 South Expressway, Jonesboro, Georgia 30236."  Because the motion to dismiss refers to the South Expressway address, and the Plaintiff does not dispute that usage, the Court will refer to the South Expressway address as well.

[4]    The November 10, 2008 quitclaim deed was recorded in the Clayton County, Georgia land records in Book 9552, beginning on Page 615.

AO 72A
(Rev.8/8
2)

interest in the property to Plaintiff Amzil Khadija ("Khadija") pursuant to a quitclaim deed. [*Id.* at 21.][5]

Before the Plaintiffs acquired their interests, respectively, in the property, the property was subject to a security deed executed by the Borrower in favor of MERS, as nominee for Monticello Bank (the "Lender") and its successors and assigns, and dated May 28, 2002 (the "Security Deed"). [Doc. 2-2].[6] The Security Deed in relevant part contains the following provisions:

• The Lender "shall not be required to commence proceedings against any Successor in Interest of Borrower . . . by reason of any demand made by the original Borrower or any Successors in Interest of Borrower," [Doc. 2-2, ¶ 12];

• The Lender's "acceptance of payments from third persons, entities or Successors in Interest of Borrower . . . shall not be a waiver of or preclude the exercise of any right or remedy," [*Id.*];

_____

[5] The December 8, 2010 quitclaim deed was recorded in the Clayton County, Georgia land records in Book 9894, beginning on Page 1.

[6] The May 28, 2002 security deed was recorded in the Clayton County, Georgia land records in Book 5704, beginning on Page 234.

AO 72A
(Rev.8/8
2)

•  To obtain the Borrower's rights and benefits under the Security Deed, a Successor in Interest must "assume[] Borrower's obligations under [the Security Deed] in writing, and [be] approved by Lender," [*Id.* at ¶ 13];

•  The above-mentioned covenants and agreements bind and benefit the successors and assigns of the Lender. [*Id.*]

On October 24, 2008, the Security Deed was assigned by MERS, as nominee, to Chase Home Finance LLC ("CHF"). [Doc. 2-1 at 5.][7] On January 27, 2011, the Security Deed was assigned by CHF to Fannie Mae. [*Id.*; Doc. 1-1 at 32.][8] The Borrower defaulted and received a notice of foreclosure from CHF at some point "prior to" January 28, 2009. [Doc. 1-1, ¶¶ 8-10.] Aboulhouda then contacted CHF and "[a]s a result of conversations with [CHF] and their attorneys, [CHF] and McCalla Raymer [CHF's counsel] agreed to put the 'complete' title in Mrs. Aboulhouda's name if she agreed to pay $10,761.40 to bring the mortgage current and to stop the foreclosure." [*Id.* at ¶ 12.] However, "the mortgage was never changed into Mrs. Aboulhouda's name." [*Id.* at ¶ 15.] Aboulhouda brought the mortgage current by making payments

_____

[7]    The October 24, 2008 assignment was recorded in the Clayton County, Georgia land records in Book 9584 on Page 630.

[8]    The January 27, 2011 assignment was recorded in the Clayton County, Georgia land records in Book 9933 on Page 81.

AO 72A
(Rev.8/8
2)

for July 2008 through February 2009, and she continued to make payments from March 2009 until April 2011. [*Id.* at ¶ 16.] At some point, Aboulhouda called Fannie Mae to request that her name be substituted on the monthly statements, but she was told that she had no interest in the property. [*Id.* at ¶¶ 21-22.] Her May 2011 payment was returned, and subsequently, the property was sold by Fannie Mae on July 5, 2011. [*Id.* at ¶¶ 24-27.][9]

Plaintiffs filed a Complaint for Damages or in the Alternative Petition to Remove Cloud from Title in Fulton County Superior Court on June 12, 2012. [*Id.*] On July 20, 2012, Defendants removed this action to this Court. [Doc. 1.] On July 27, 2012, Defendants filed the motion to dismiss. [Doc. 2.] On August 21, 2012, Plaintiffs responded, [Doc. 6], and on September 7, 2012, Defendants replied. [Doc. 7.]

## II. Discussion

### A. Motion to Dismiss Standard

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter*

---

[9] The July 5, 2011 foreclosure deed was recorded in the Clayton County, Georgia land records in Book 9990 on Page 295.

AO 72A
(Rev.8/8
2)

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). To determine whether a complaint fails to state a claim, the Court must apply the standard announced by the Supreme Court in *Bell Atl. v. Twombly*, 550 U.S. 555 (2007), described as follows:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

AO 72A
(Rev.8/8
2)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (alterations, citations, and internal quotation marks omitted); *see also Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11ᵗʰ Cir. 2012) (holding that to survive a motion to dismiss, the complaint's " 'allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'[, and . . . a]s a result, the plaintiff must plead 'a claim to relief that is plausible on its face.' ") (citations omitted).

The Court notes that the parties' arguments depend heavily on documents attached to the complaint and to the motion to dismiss. Generally, the Court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint. *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11ᵗʰ Cir. 2005). However, the Court need not make this conversion when considering a document attached to the complaint or to a motion to dismiss if "the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11ᵗʰ Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss

AO 72A
(Rev.8/8
2)

for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record."). A document is "undisputed" when its authenticity is unchallenged. *Day*, 400 F.3d at 1276.

Here, the Security Deed and other documents attached to the complaint and motion to dismiss are central to Plaintiffs' claims, and their authenticity is undisputed. Therefore, the undersigned considers the documents in conjunction with the motion to dismiss without having to convert the dismissal motion to a motion for summary judgment.

### B.   Arguments of the Parties

#### 1.   Defendants' Motion to Dismiss

Defendants argue that Plaintiff's allegations do not state a claim for negligence (Count I), breach of contract (Count II), punitive damages (Count III), libel or defamation (Count IV), attorney's fees (Count V), violation of the FDCPA as adopted by Georgia (Count VI), or wrongful foreclosure, to the extent that Plaintiffs intend to raise a claim for wrongful foreclosure.[10]   Defendants assert that each of Plaintiffs'

---

[10]   As noted by the Defendants, [Doc. 2-1 at 7 n.2.], it is unclear what Plaintiffs intend by the reference to the "FDCRA" on page 4 of their complaint. The complaint includes allegations under the FDCPA, but to the extent that Plaintiffs intend

AO 72A
(Rev.8/8
2)

claims is premised upon the existence of an alleged oral agreement between JPMorgan and Aboulhouda to substitute Aboulhouda as the borrower on the mortgage loan for the property and to allow her to assume the Borrower's obligations. [Doc. 2-1 at 5.] Defendants argue that any alleged oral agreement is unenforceable under the Statute of Frauds. [*Id.* at 12.]

As to the negligence claim, Defendants assert that it is based on Plaintiffs' allegation that Defendants breached "a duty imposed by statute and by contract as bankers, lenders, debt holders and as debt collectors." [*Id.* at 7.] Defendants address in turn each of the statutes referenced by Plaintiffs in the paragraphs preceding Count I. First, Defendants argue that Plaintiffs cannot sustain a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, because they do not allege and cannot prove that Fannie Mae and JPMorgan are debt collectors as defined in the FDCPA. [*Id.* at 8.] Second, Defendants argue that Plaintiffs cannot state a claim for violation of O.C.G.A. § 44-14-162(a), because that statute requires recital of the fact of transfer of property only if the assumption by the new owner of the debt secured by the mortgage, security deed, or lien contract has been approved in writing by the

---

to reference the Fair Credit Reporting Act ("FCRA"), the complaint does not contain any allegations under the FCRA. Therefore, the Court deems any claim under the FCRA to have been abandoned.

AO 72A
(Rev.8/8
2)

secured creditor. [*Id.* at 10.] Third, Defendants argue that Plaintiffs cannot state a claim for violation of O.C.G.A. § 44-14-162.2, relating to foreclosure notices, because Plaintiffs lack standing to assert any claims on the Borrower's behalf and Plaintiffs concede that the Borrower received notice of the foreclosure sale. [*Id.* at 10-11.] Fourth, Defendants assert that Plaintiffs cannot state a claim for violation of O.C.G.A. § 23-2-114, governing the power of sale in deed of trust and other instruments, because (1) Plaintiffs are not parties to the Security Deed and did not assume the Borrower's obligations thereunder, (2) even if Plaintiff were the Borrower's successors in interest, Fannie Mae, pursuant to the Security Deed, was still entitled to foreclose on the property without commencing proceedings against them, (3) Plaintiffs have admitted receiving notices of the foreclosure sale, and (4) Fannie Mae's acceptance of payments from Aboulhouda did not waive or preclude Fannie Mae's right to invoke the Security Deed's power of sale. [*Id.* at 11-12.]

Next, as to Plaintiff's breach of contract claim, Defendants assert that Plaintiffs do not allege that there is written evidence of an agreement with JPMorgan, and that any alleged oral agreement is unenforceable pursuant to the Statute of Frauds. [*Id.* at 12.] As to punitive damages, Defendants assert that since Plaintiffs are not entitled to recover on any of their tort claims, they cannot recover punitive damages.

AO 72A
(Rev.8/8
2)

[*Id.* at 14.] Next, Defendants assert that as to the "libel/defamation of title" claim, Plaintiffs have failed to plead and identify any false and defamatory statement published by Defendants, nor have they alleged special harm, or that any statements were actionable irrespective of special harm. Further, Defendants submit that since Plaintiffs' substantive claims fail, they are not entitled to attorneys' fees. [*Id.* at 15-16.] as to Plaintiff's FDCPA claim, as adopted by Georgia–or, in other words, the Georgia Fair Business Practices Act ("FBPA")–Defendants argue that Plaintiffs cite no specific provision of the FBPA that the Defendants violated and do not state what the Defendants did or failed to do that could constitute an unfair business practice. They also argue that the FBPA does not apply to residential mortgage transactions. [*Id.* at 17.] Finally, to the extent that claims for wrongful foreclosure are alleged, Defendants assert that Plaintiffs have not properly pleaded any breach of a duty owed by Defendants to Plaintiffs or any causal connection between the alleged breach and any damages sustained by Plaintiffs. [*Id.* at 17-18.]

### 2. **Plaintiffs' Response**

In response, Plaintiffs state that "the claim asserted by Plaintiffs in Count I is probably more accurately described as negligent use of power of sale" and assert that "the crux of the claim is the inescapable and indefensible fact that [Fannie Mae] had a

11

loan that was not in default until [Fannie Mae] created a default by refusing payment."

[Doc. 6 at 4-5.] Plaintiffs next argue that the have asserted a viable contract breach claim because an agreement was formed, oral agreements are enforceable, and that "if a writing is needed," the reinstatement quote attached to the complaint suffices. [*Id.* at 5.] Plaintiffs further assert that CHF (now JPMorgan) breached the contract by non-performance and that Fannie Mae's foreclosure on property which was not actually in default constitutes a breach. [*Id.*] As to the defamation or libel claim, Plaintiffs assert that "[t]he acts of defamation are related to the wrongful foreclosure," "[t]he damages suffered may be claimed under a number of theories," and "special harm having been alleged, the claim survives." [*Id.* at 6.] Regarding Defendants' argument related to the privilege afforded to publication of a foreclosure notice, Plaintiffs state that they have alleged actual knowledge of falsity in the complaint. [*Id.*] Plaintiffs assert that they have stated a claim under the FDCPA because they have alleged in the complaint that "Defendants identified itself [*sic.*] as a debt collector" in communications sent to Plaintiffs. [*Id.* at 6-7.] Finally, Plaintiffs recognize that their claims for punitive damages and attorney's fees are dependent upon success of the primary claims. [*Id.* at 7.]

AO 72A
(Rev.8/8
2)

### 3. Defendants' Reply

In reply, Defendants emphasize that Plaintiffs' complaint can survive the motion to dismiss only if they have stated a viable claim based on an oral agreement they allegedly made in 2009 with JPMorgan's former foreclosure counsel, McCalla Raymer, LLC, and that the plain language of the Security Deed under which Plaintiffs allege they were to have been the substituted borrowers prohibits such a claim. [Doc. 7 at 2.] Further, Defendants argue, any alleged oral agreement is unenforceable under the Statute of Frauds and unsupported by any consideration. [*Id.*] Defendants note that Plaintiffs do not address the application of the Statute of Frauds. [*Id.* at 5.] Defendants also assert that a reinstatement quote is insufficient to constitute the required writing, and they note that the reinstatement quote in question identifies the Borrower–Kumsaitong–not the Plaintiffs. [*Id.* at 5-6.] Defendants also assert that the complaint fails to allege sufficient consideration for the alleged oral agreement because payment of the amount due under the mortgage is not sufficient consideration. [*Id.* at 6.]

### C. Analysis

As an initial matter, an oral agreement intended to modify the Security Deed by substituting Aboulhouda for the Borrower is unenforceable under the terms of the

13

Security Deed itself, [Doc. 2-2], and under the Statute of Frauds. The Georgia Statue of Frauds requires that "[a]ny commitment  to lend money" or "[a]ny contract for . . . any interest in . . . lands" be in writing. O.C.G.A. § 13-5-30(4), (7). These requirements encompass modifications to mortgages, such as "reinstating a mortgage, refinancing a mortgage, or forbearing from foreclosure proceedings." *Jean v. Am. Home Mortg. Servicing, Inc.*, No. 1:11-CV-1101-WSD, 2012 WL 1110090, at \*4 n.4 (N.D. Ga. Mar. 30, 2012) (Duffey, J.) (citing O.C.G.A. § 13-5-30; *James v. Safari Enters., Inc.*, 244 Ga. App. 813, 537 S.E.2d 103, 104 (2000); *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245, 510 S.E.2d 546, 546-47 (1998)). Thus, there can be no valid oral contract to modify a mortgage loan.

To the extent that Plaintiffs' claims depend on the existence of an oral agreement modifying the Security Deed, the undersigned **RECOMMENDS** that these claims be **DISMISSED**. The undersigned considers each claim in turn below, beginning with the claim for breach of contract.

### 1. Breach of Contract

Plaintiffs have not alleged that there is written evidence of an agreement to modify the Security Deed.  As discussed above, an oral agreement to modify the Security Deed is unenforceable because the Georgia Statute of Frauds requires that

AO 72A
(Rev.8/8
2)

"[a]ny commitment to lend money" or "[a]ny contract for . . . any interest in . . . lands" be in writing.  O.C.G.A. § 13-5-30(4), (7).

Plaintiffs contend that "if a writing is needed" to establish their claim for breach of contract, the reinstatement quote suffices.  [Doc. 6 at 5.]  The reinstatement quote, however, identifies the Borrower, Kumsaitong, and does not refer to either Plaintiff. [*See* Doc. 1-1 at 24-25.]  Moreover, the reinstatement quote does not indicate any agreement to modify the Security Deed by substituting Plaintiffs for the Borrower. Therefore, the reinstatement quote cannot be said to provide any rights or obligations under the Security Deed to Plaintiffs.

For these reasons, Plaintiffs have failed to state a plausible claim for breach of contract, and the undersigned **RECOMMENDS** that this claim be **DISMISSED**.

### 2.    Negligence

Under Georgia law, a negligence claim is comprised of the following elements:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

AO 72A
(Rev.8/8
2)

*Wilson v. Mallard Creek Holdings*, 238 Ga. App. 746, 747, 519 S.E.2d 925, 926 (1999) (quoting *Tuggle v. Helms*, 231 Ga. App. 899, 901, 499 S.E.2d 365, 367 (1998)).

Although Defendants address multiple potential theories regarding the intended duty at issue (and each of these is discussed in turn herein), Plaintiffs rest their negligence argument on a duty related to the power of sale: "the claim asserted by Plaintiffs in Count I is probably more accurately described as negligent use of the power of sale." [Doc. 6 at 4.] Without citing any supporting authority, Plaintiffs assert that "[if] foreclosing on property that is not actually in default does not constitute a negligent use of the power of sale, then the statute has no meaning," and that the allegation that Fannie Mae "created a default by refusing payment" is "sufficient" to support their claim. [Doc. 6 at 4.]

A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure a debt under O.C.G.A. § 23-2-114. *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285, 443 S.E.2d 837, 838 (1994). Thus, there is a breach of duty if the foreclosing party violates provisions of the loan instruments or Georgia law. *See Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 374, 601 S.E.2d 842, 846 (2004) ("There is no evidence in this record to support any conclusion other than that [the bank] did precisely what it was entitled to do according to the provisions of

16

the loan instruments and Georgia law."); *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000) (noting that a violation of the Georgia foreclosure statute is necessary to state a wrongful foreclosure). Further, to the extent Plaintiffs intended to raise such a claim, "[a] claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." *DeGoyler v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147, 291 Ga. App. 444, 448 (2008) (quoting *Brown v. Freedman*, 474 S.E.2d 73, 222 Ga. App. 213, 214 (1996)).

Here, the loan instruments–specifically, the Security Deed and the assignment to Fannie Mae–set forth the legal relationship between the Borrower and Fannie Mae and provide Fannie Mae the right to foreclose. The Security Deed provides that the Lender "shall not be required to commence proceedings against any Successor in Interest of Borrower . . . by reason of any demand made by the original Borrower or any Successors in Interest of Borrower." [Doc. 2-2, ¶ 12.] It also provides that the Lender's "acceptance of payments from third persons, entities or Successors in Interest of Borrower . . . shall not be a waiver of or preclude the exercise of any right or remedy." [*Id.*] As Defendants note, Plaintiffs are not parties to the Security Deed and did not assume the Borrower's obligations thereunder.

AO 72A
(Rev.8/8
2)

For these reasons, Plaintiffs have failed to state a plausible claim for negligence involving a duty related to O.C.G.A. § 23-2-114 or for wrongful exercise of a power of sale, to the extent that Plaintiffs intended to raise such a claim, and the undersigned **RECOMMENDS** that these claims be **DISMISSED**.

The other possible bases for negligence that appear in the complaint, even though they are not addressed in the context of negligence in Plaintiffs' responsive brief, are the FDCPA, O.C.G.A. § 44-14-162, and O.C.G.A. § 44-14-162.2. Each is discussed in turn below.

### 3. Violation of the FDCPA

The Fair Debt Collection Practices Act only applies to debt collectors. *See Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) ("The FDCPA applies to debt collectors in general."). A "debt collector" is generally any person (1) who uses the mails or other instrumentalities in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect debts owed or due another. 15 U.S.C. § 1692a(6). A debt collector does not include any person collecting a debt owed or due to another if it "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Therefore, "consumer's creditors, a mortgage servicing

18

AO 72A
(Rev.8/8
2)

company, or an assignee of a debt are not considered 'debt collectors,' [under the FDCPA] as long as the debt was not in default at the time it was assigned." *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009). The Eleventh Circuit has determined, moreover, that foreclosing on a home is not debt collection under § 1692g and has agreed that "an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460-61 (11th Cir. Aug. 14, 2009) (quoting *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-3101, 2007 WL 2695795, *3-4 (D. Minn. Sept. 12, 2007)). Enforcement of a security interest through the foreclosure process does not violate the FDCPA unless § 1692f(6) applies.

As the events are presented in the complaint, the Security Deed, and the related documents, Defendants cannot be debt collectors because they were not attempting to collect a debt from Plaintiffs. Any debt owed to Defendants presumably would be owed by the Borrower, not the Plaintiffs, who are not parties to the Security Deed and were told by Defendants that they had no interest in the property at issue.

Even if Plaintiffs were proper parties to the Security Deed, Plaintiffs' claim under the FDCPA would fail. Plaintiffs allege that the Borrower's default occurred

19

"prior to January 28, 2009." [Doc. 1-1, ¶¶ 8-10.] In February of 2009, Plaintiffs

brought the mortgage current and continued to make monthly payments from February

2009 through April 2011. [*Id.* at 16.]   According to Plaintiffs, the mortgage was no

longer in default at this point. [*Id.*; Doc. 6 at 2-3.] The assignment from CHF to Fannie

Mae occurred January 27, 2011.  [Doc. 1-1 at 32.]  Because the debt would not have

been in default at the time it was assigned from CHF to Fannie Mae, Defendants could

not be considered debt collectors under the FDCPA.

For these reasons, Plaintiffs' claim under the FDCPA fails, and the undersigned

**RECOMMENDS** that this claim be **DISMISSED**.

### 4.      Violation of O.C.G.A. § 44-14-162(a)

O.C.G.A. § 44-14-162(a) provides that a foreclosure sale may be set aside if

there is improper advertisement of the foreclosure sale.  *See In re Cummings*, 173 B.R.

959, 963 (Bankr. N.D. Ga. 1994).  The statute specifies, in relevant part:

> In addition to any other matter required to be included in the
> advertisement of the sale, if the property encumbered by the mortgage,
> security deed, or lien contract has been transferred or conveyed by the
> original debtor to a new owner *and an assumption by the new owner of the
> debt secured by said mortgage, security deed, or lien contract has been
> approved in writing by the secured creditor*, then the advertisement should
> also include a recital of the fact of such transfer or conveyance and the
> name of the new owner, as long as information regarding any such
> assumption is readily discernable by the foreclosing creditor.

AO 72A
(Rev.8/8
2)

O.C.G.A. § 44-14-162(a) (emphasis added).

Plaintiffs allege that "where the property to be foreclosed upon has been transferred, then the advertisement should also include a recital of the fact of such transfer or conveyance and the name of the new owner as long as the information is 'readily discernible' by the foreclosing creditor." [Doc. 1-1 at 5.] As noted above, the statute requires this recital where the assumption by the new owner has been approved in writing by the secured creditor. Here, Plaintiffs do not allege a writing, other than that of the reinstatement quote, which, as previously discussed, names the Borrower, not the Plaintiffs. Plaintiffs base their claims on the existence of an oral contract. The undersigned concludes that Plaintiffs have not shown that the method of advertising the sale violated O.C.G.A. § 44-14-162, and therefore they have not stated a claim based on this provision. For these reasons, the undersigned **RECOMMENDS** that this claim be **DISMISSED**.

### 5. Violation of O.C.G.A. § 44-14-162.2(a)

O.C.G.A. § 44-14-162.2(a) provides in relevant part:

Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall

21

have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

Plaintiffs allege that the above provision was violated because "Mr. Kumsaithong [the Borrower] never lived with Mrs. Aboulhouda; therefore, the notice sent to Mrs. Aboulhouda with Mr. Kumsaithong's name did not reach Mr. Kumsaithong." [Doc. 1-1 at 7.] As Defendants note in their brief, Plaintiffs lack standing to assert any claims on the Borrower's behalf. Since Plaintiffs were not "obligated or alleged to be obligated to repay" the mortgage because they were not substituted for the Borrower, they lack standing to bring a FDCPA claim. *See* 15 U.S.C. § 1692a(3) (defining "consumer" under the FDCPA as "any natural person obligated or allegedly obligated to pay any debt"); *see also Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 874 (11th Cir. Mar. 15, 2010) (plaintiff lacked prudential standing under FDCPA where she was not a party to loan agreement). The undersigned concludes that Plaintiffs have not stated a claim based on their lack of standing and, as a result, **RECOMMENDS** that this claim be **DISMISSED**.

22

**6.      Wrongful Foreclosure**

Although Plaintiffs do not include a separate count for wrongful foreclosure, the undersigned considers this claim as well.  To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Nicholson v. OneWest Bank*, No. 1:10-cv-795-JEC-AJB, 2010 WL 2732325, at *3 (N.D. Ga. Apr. 20, 2010) (R&R), *adopted by* 2010 WL 2732329 (N.D. Ga. Jun 07, 2010)).  Here, Plaintiffs have not established a legal duty owed to them by Defendants, since they were not parties to the Security Deed which gave one or more of the Defendants the authority to foreclose.  The undersigned concludes that Plaintiffs have not stated a claim for wrongful foreclosure and, to the extent that such a claim was intended,  **RECOMMENDS** that this claim be **DISMISSED**.

**7.      Violation of the FBPA**

"Violation of the FDCPA is sufficient to create a violation of the [Georgia Fair Business Practices Act ("FBPA")]." *Kuria v. Palisades Acquisition XVI, LLC*, 725 F. Supp. 2d 1293, 1300 n.6 (N.D. Ga. Nov. 16, 2010) (Forrester, J., adopting Vineyard, M.J.) (citing *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App.

AO 72A
(Rev.8/8
2)

457, 654 S.E.2d 428, 431 (2007)); *see also Gilmore v. Account Mgmt., Inc.*, 357 Fed. Appx. 218, 220-21 (11th Cir. Dec. 16, 2009). Georgia courts have noted that "collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the FBPA." *Werner*, 288 Ga. App. at 459, 654 S.E.2d at 431.

*Zinn v. GMAC Mortgage*, No. 1:05-CV-1747-MHS, 2006 WL 418437 (N.D. Ga. Feb. 21, 2006), the case cited by Defendants in support of their argument that the GFBPA does not apply to residential mortgages, is inapplicable to the present case. In *Zinn*, Plaintiff's claims arose out of the lender's misrepresentations at the closing of her loan, to which the FBPA does not apply. *Id.* at *4. Here, Plaintiff is alleging unfair conduct in collection practices, to which the FBPA applies. *See Werner*, 288 Ga. App. at 459, 654 S.E.2d at 431.

Nevertheless, the undersigned concludes that Plaintiffs have not stated a claim under the FBPA. First, as discussed above, Plaintiffs have not stated claims under the FDCPA, so they cannot state a claim under the FBPA based on FDCPA violations. Second, Plaintiffs have not alleged how Defendants engaged in deceptive acts in attempting to collect a debt, so they have not stated a claim under the FBPA. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claim for violation of

24

the "Fair Debt Collections Practice Act 'FDCPA' as Adopted by Georgia" be **DISMISSED**.

### 8. Libel or Defamation

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1. "A viable defamation claim under Georgia law consists of (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the 'actionability of the statement irrespective of special harm.'" *Saye v. Deloitte & Touche, LLP*, 295 Ga. App. 128, 129-30, 670 S.E.2d 818, 821 (2008) (quoting *Mathis v. Cannon*, 276 Ga. 16, 20-21(2), 573 S.E.2d 376 (2002), and citing O.C.G.A. §§ 51-5-1(a), 51-5-4(a)). "Because falsity is an essential element of both libel and slander, truth is a perfect defense to a defamation action." *Community Newspaper Holdings, Inc. v. King*, 299 Ga. App. 267, 269, 682 S.E.2d 346, 348 (2009).

The undersigned concludes that Plaintiffs' libel or defamation claim should be dismissed. To the extent that Plaintiffs allege that Defendants reported false and inaccurate information, this claim must fail because Plaintiffs have not alleged the

25

specific statements Defendants made or when they made them. *See Sarver v. Jackson*, No. 2:08-cv-77-RWS, 2008 WL 4911836, *4 (N.D. Ga. Nov. 13, 2008) ("The Court finds that general allegations, without identifying specific statements, are insufficient to state a claim for slander, libel or defamation."); *see also Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1300 (N.D. Ga. 2002) (Thrash, J.) (concluding that plaintiff abandoned slander claims by failing to identify specific offending statements in the complaint or identifying them in response to the motion to dismiss); *cf. Chaney v. Harrison & Lynam, LLC*, 308 Ga. App. 808, 813, 708 S.E.2d 672, 677 (2011) (noting that publication is established for defamation claim by introducing evidence of the specific statement).

In addition, Plaintiffs have not disputed the fact that the foreclosure occurred. Therefore, Defendants' act of reporting that the foreclosure occurred was not a false statement or report.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claim for libel or defamation be **DISMISSED**.

### 8. Punitive Damages

O.C.G.A. § 51-12-5.1 provides, in relevant part, as follows:

AO 72A
(Rev.8/8
2)

(b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

The Court concludes that Plaintiffs' punitive damages claim is due to be dismissed against the Defendants. Punitive damages claims are derivative of the underlying claims, which the Court has recommended be dismissed. *Lilliston v. Regions Bank*, 288 Ga. App. 241, 246, 653 S.E.2d 306, 311 (2007); *J. Andrew Lunsford Properties, LLC v. Davis*, 257 Ga. App. 720, 722, 572 S.E.2d 682, 685 (2002) ("Finally, the claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."). Thus, because Plaintiffs cannot sustain any of their underlying causes of action, they also cannot maintain a claim for punitive damages. The Court **RECOMMENDS** that Plaintiffs' claim for punitive damages under Georgia law against the Defendants be **DISMISSED**.

### 9.    Attorney's Fees

O.C.G.A. § 13-6-11 provides as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

AO 72A
(Rev.8/8
2)

An ward of attorney's fees depends upon the success of the underlying claims, which the Court has recommended be dismissed. *See Lee v. Georgia Power Co.*, 296 Ga. App. 719, 721, 675 S.E.2d 235, 239 (2003). Because the undersigned has recommended that the District Court conclude that Plaintiffs cannot sustain any of their underlying causes of action, it follows that they also cannot maintain a claim for attorney's fees. The Court **RECOMMENDS** that Plaintiffs' claim for attorney's fees under Georgia law against the Defendants be **DISMISSED**.

## III.    Conclusion

For these reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 2], be **GRANTED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 30th day of November, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

28